IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TRODONTRIC ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No.  1:16-cv-0202-JRH-BKE |
| ) | |
| SOTO ASSISTED LIVING GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Trodontric Anderson ("Plaintiff"), and Soto Assisted Living Group, Inc. ("Defendant") (Plaintiff and Defendant collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I**.   **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is

supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute, *inter alia*, whether Plaintiff worked overtime hours for which he was not compensated, and, if so, the number of overtime hours he worked. The Parties further dispute whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate. The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties and their counsel discussed the disputed factual and legal issues over the phone and over electronic mail. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions and mediation before a private mediator. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during

negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. <u>Summary of the Settlement</u>

The Parties' settlement agreement is attached hereto as "Exhibit A". Plaintiff alleges that, from June 2, 2015 to December 2016, a total of 88.5 weeks, he was paid a salary of $24,000.00 and regularly worked overtime hours off the clock for which he was not compensated. In total, Anderson alleges that he worked approximately 260 unpaid overtime hours. Defendant vigorously denies that Plaintiff worked the number of overtime hours he claims.

Pursuant to the Parties' settlement, Anderson will receive $4,000 for his FLSA claim, less applicable wage withholdings on half this amount. This represents payment for overtime hours. Given the Parties' bona fide dispute over the number of hours Anderson worked and whether Plaintiff is entitled to full or half time pay for any actual overtime uncompensated, the Parties submit that the amount Anderson is receiving represents a fair resolution of his claim.

Pursuant to the settlement, Plaintiff's counsel will receive $3,000.00 in attorney's fees, which represents less than the amount of fees counsel has incurred in this case on a lodestar basis. As part of the settlement, Plaintiff's counsel will also be reimbursed $500.00 in litigation costs.

### III. <u>Conclusion</u>

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as <u>Exhibit "B"</u> hereto.

Respectfully submitted this 14th day of March, 2017.

**BARRETT & FARAHANY, LLP**

| | |
|---|---|
| <u>/s/ V. Severin Roberts</u> | <u>/s/ Kevin S. Little</u> |
| V. Severin Roberts | Kevin S. Little |
| Georgia Bar No. 940504 | Georgia Bar No. 454225 |
| | |
| Attorney for Plaintiff | Attorney for Defendant |
| 1100 Peachtree Street | 1450 Greene Street |
| Suite 500 | Suite 3600 |
| Atlanta, GA 30309 | Augusta, GA 30901 |
| (404) 214-0120 | (706) 722-7886 |
| (404) 214-0125 facsimile | (404) 685-1663 facsimile |